IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:16-CR-38-SA-3

RICARDO AGUILAR-GONZALEZ  DEFENDANT

ORDER

On August 25, 2020, this Court entered an Order [434] denying the Defendant, Ricardo Aguilar-Gonzalez's, request for compassionate release based upon the COVID-19 pandemic. In its Order [434], the Court carefully considered the arguments set forth by the Office of the Federal Public Defender on Aguilar-Gonzalez's behalf but found that he failed to meet the applicable standard to warrant release. On March 11, 2021, Aguilar-Gonzalez filed a *Pro Se* Motion [441], wherein he again requests compassionate release. In the present filing, Aguilar-Gonzalez asserts that his wife has been diagnosed with Stage 4 cancer and is undergoing chemotherapy. He also notes that he has a fourteen year old son and that his wife cannot care for him because of her condition. Aguilar-Gonzalez contends that these factors warrant compassionate release.

*Relevant Background*

On February 9, 2017, Aguilar-Gonzalez pled guilty to two counts of an Information, which charged him with conspiracy to distribute methamphetamine. *See* [129, 132]. His sentencing hearing was held on June 14, 2017, at which time the Court sentenced him to serve a term of imprisonment of 168 months. *See* [185, 208]. No term of supervised release was imposed, and Aguilar-Gonzalez will be deported once released from prison. [208]. He is currently housed at Great Plains CI, and his current anticipated release date is March 25, 2028. *See* https://www.bop.gov/inmateloc/.

*Analysis and Discussion*

"A judgment of conviction, including a sentence of imprisonment, 'constitutes a final judgment and may not be modified by a district court except in limited circumstances.'" *U.S. v. McCallister*, 2020 WL 1940741, at *2 (W.D. La. Apr. 21, 2020) (quoting *Dillon v. U.S.*, 560 U.S. 817, 824, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010)). Although the Court's authority to modify a sentence of imprisonment is limited, 18 U.S.C. § 3582(c)(1)(A) provides such authorization.

Section 3582(c)(1)(A)(i) authorizes a reduction of a previously imposed term of imprisonment when "extraordinary and compelling reasons warrant such a reduction" and "a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i).[1] Turning to the Sentencing Guidelines, U.S.S.G. § 1B1.13 provides, in pertinent part, that a reduction in a term of imprisonment is authorized if the court finds that extraordinary and compelling reasons warrant the reduction and the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13, Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A). Application Note 1 to U.S.S.G. § 1B1.13 provides a list of considerations for the determination as to whether extraordinary and compelling reasons exist, including the defendant's medical condition, age, family circumstances, and "other reasons." U.S.S.G. § 1B1.13, App. Note 1.

In his present request, Aguilar-Gonzalez seeks relief based upon family circumstances—specifically, the deteriorating health of his wife and the need for somebody to care for his fourteen-year-old son.

---

[1] The statute also contains an exhaustion of administrative remedies requirement. See 18 U.S.C. § 3582(c)(1)(A). Aguilar-Gonzalez has complied with this requirement, having submitted a letter to the Warden of his Facility. The request was denied, and the Court finds that the present request is properly before it.

"Family circumstances can only justify compassionate release in extreme situations, such as the incapacitation or death of the caregiver of a minor child." *U.S. v. Bowyer*, 2020 WL 5942195, *2 (E.D. La. Oct. 7, 2020). The District Court for the Northern District of Texas recently, when confronted with a request for compassionate release based upon the prisoner's wife having passed away and there being no person to care for his five year old daughter, noted that "Section 3582 allows for compassionate release due to family circumstances in only limited situations. Specifically, 'the death or incapacitation of the caregiver of the defendant's minor child or minor children' *may* constitute an extraordinary and compelling reason for compassionate release." *U.S. v. Reeves*, 2020 WL 5094825, *2 (N.D. Tex. Aug. 28, 2020) (quoting U.S.S.G. § 1B1.13 cmt. 1(C)(i)) (emphasis added). The *Reeves* court ultimately denied the request, noting that there were other people who could care for the prisoner's daughter. *Id*. at *3.

Here, the Court has no proof to verify the condition of Aguilar-Gonzalez's wife. Furthermore, he has provided no allegations that there is no other person to care for his son, in the event that his wife passes away. Although cognizant of the contentions made by Aguilar-Gonzalez in his letter, the Court finds that he has not established the existence of extraordinary and compelling reasons warranting compassionate release.

*Conclusion*

For the foregoing reasons, Aguilar-Gonzalez's *Pro Se* Motion for Compassionate Release [441] is DENIED.

SO ORDERED, this the 12th day of May, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE