IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**RICARDO AGUILAR-GONZALEZ**                                                            **MOVANT**

v.                                                                                **No. 1:16CR38-SA-DAS**

**UNITED STATES OF AMERICA**                                                        **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the motion of Ricardo Aguilar-Gonzalez to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2255**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

> 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.*

## Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require

the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**Facts and Procedural Posture**

On April 19, 2016, a federal grand jury returned a nine-count indictment naming Aguilar-Gonzalez and others. (Doc. 1). An eighteen count Superseding Indictment was returned on May 23, 2016. (Doc. 55). Count One of the Indictment and Count One of the Superseding Indictment charged him with conspiracy to distribute methamphetamine in violation of 21 U.S.C. Sections 841(a) and 846. (Doc. 1, 55). On February 9, 2017, Aguilar-Gonzalez pled guilty to a two-count Information, charging him with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. Sections 841(a)(1) and (b)(1)(C) and 846, and conspiracy to travel in interstate commerce with intent to distribute the proceeds of an unlawful activity, in violation of 18 U.S.C. Section 371, and 1952. (Doc. 128, 129). In accordance with the plea supplement, the Government agreed to file a motion pursuant to U.S.S.G Section 5K1.1 for a downward departure based upon substantial assistant for Aguilar-Gonzalez. It also included a waiver of appellate rights:

> The Defendant hereby expressly waives all rights of appeal as to any and all issues in this case, including but not limited to the grounds set forth in 18 U.S.C. § 3742; as well as all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which the sentence was imposed, in any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255; except to claims relating to prosecutorial misconduct and ineffective assistance of counsel.

(Doc. 130).

United States Probation and Pretrial Services conducted a pre-sentence investigation and determined the appropriate level of the sentencing guidelines. According to the United States Sentencing Guidelines, Aguilar-Gonzalez's base offense level was a thirty-six. (PSR pg. 8). He received a three-level reduction for acceptance of responsibility for a total offense level of thirty-three. (PSR pg. 9). Aguilar-Gonzalez's criminal history category was V, which resulted in a guideline range of 210-240 months for Count 1. (PSR pg. 17). The guidelines range for Count 2 was 60 months, the

statutory maximum level for incarceration. (PSR pg. 59). The Court adopted the PSR in its entirety and sentenced Aguilar-Gonzalez to 168 months on Count 1, and 60 months on Count 2, to run concurrently. (Doc. 185). The court did not impose a term of supervised release because Aguilar-Gonzalez was an illegal alien subject to deportation. (Doc. 185). Counsel for Aguilar-Gonzalez did not object to the sentence imposed.

Aguilar-Gonzalez then filed a motion to vacate sentence under 28 U.S.C. § 2255, in which he presents the following claims for relief:

(1) He was not advised that he was waiving "any and all judicial review of his conviction and sentence by agreeing to plead guilty."

(2) He did not receive effective assistant of counsel because his attorney failed "to properly research and investigate Movant's background and case in order to file applicable mitigation and downward variance/departure arguments at Movant's sentencing proceeding."

(3) He "played a minimal/minor role in the criminal conspiracy charged and was entitled to downward departure under U.S.S.G. 3B1.2."

(4) He is entitled to a lesser sentence because he "has completed his[] sentence and petitions to have the felony count designated as a misdemeanor."

Doc. 397.

### Aguilar-Gonzalez Did Not Waive All Judicial Review

In his § 2255 motion, Aguilar-Gonzalez states "At no time was the Movant ever advised that he was waiving any and all judicial review of his conviction and sentence by agreeing to plead guilty." This statement is squarely contradicted in the sentencing hearing transcript:

So you did expressly waive any and all rights to appeal the conviction and/or the sentence imposed in this case and the manner in which the sentence was imposed on any ground whatsoever, including, but not limited to, those grounds set forth in 18 U.S.C. Section 3742, *except for claims relating to the validity of the waiver of appeal or the validity of the guilty plea itself.*

The defendant also expressly waives all rights to contest anything on a collateral attack on the conviction and/or the sentence and waives the right to attack the sentence in any

> manner in any postconviction proceedings, including, but not limited to, anything under Section 2255, *except for those two limiting circumstances*.

Doc. 218 (emphasis added).

The court made clear that Aguilar-Gonzalez did not waive "prosecutorial misconduct or ineffective assistance of counsel related to the validity of the waiver or appeal or the validity of the guilty plea itself." Doc. 218. The Fifth Circuit Court of Appeals affirmed the sentence. *United States v. Aguilar-Gonzalez*, 715 F. App'x 412, 413 (5th Cir. 2018). As the allegation is contradicted in the record, this ground for relief will be denied.

### Ineffective Assistance of Counsel: Failure to Properly Argue for a Downward Departure or Variance

Aguilar-Gonzalez alleges that "Counsel was ineffective for failure to properly research and investigate Movant's background and case in order to file applicable mitigation and downward variance/departure arguments at Movant's sentencing proceeding." Doc. 397. He alleges that he "told counsel that other California prisoners were able to get their prior convictions vacated, dismissed, expunged." Doc. 397. This argument is without merit, because, as discussed in a later section, the expunction of one conviction and the reduction of another to a misdemeanor occurred *after* sentencing – and thus have no effect on the guidelines calculation in the present case. *United States v. Cerverizzo*, 74 F.3d 629, 631 (5th Cir. (Miss.), 1996). In addition, after the downward departure for substantial assistance, Aguilar-Gonzalez's sentence of 168 months was far below the low end of the guidelines range. As such, he does not meet the second prong of the *Strickland* test – a showing of prejudice to his legal position. In this case, he cannot show that he would have received a lesser sentence.

The court must address claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove that

defense counsel was ineffective, the petitioner must show that counsel's performance was deficient and that the deficiency resulted in prejudice to her defense. Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). "When §2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011); *Premo v. Moore*, 131 S.Ct. 733 (2011).

First, as set forth below, the expunction of one of Aguilar-Gonzalez's conviction and the reduction of another to a misdemeanor occurred *after* sentencing – and thus have no effect on the guidelines calculation in the present case. *United States v. Cerverizzo*, 74 F.3d 629, 631 (5th Cir. (Miss.), 1996). This claim is without substantive merit.

In addition, Aguilar-Gonzalez's criminal history was calculated as a Category V, with a guideline range of 210-240 motions for Count 1 and 60 months for Count 2 – a total exposure of 300 months. (PSR at 17). The Government filed a Motion for Downward Departure under United States

Sentencing Guideline ("USSG") 5K1.1 based upon substantial assistance. He was ultimately sentenced to a term of 168 months, far below the low end of the guidelines range. For this reason, Mr. Aguilar-Gonzalez has not met the second prong in *Strickland*, as he has not shown that there is a reasonable probability that, but for counsel's allegedly deficient representation, the result of the case would have been more favorable than the below-guidelines sentence of 168 months that he received. *Vuong, supra*. The Movant has not shown that counsel provided ineffective assistance, and this ground for relief will be denied.

### Aguilar-Gonzalez Did Not Play a Minor Role in the Conspiracy

Mr. Aguilar-Gonzalez states that he "played a minimal/minor role in the conspiracy charged and was entitled to downward departure under U.S.S.G. 3B1.2" (Doc. 397). The guidelines manual bases the adjustment upon the "totality of the circumstances and involves a determination that is heavily dependent upon the facts of a particular case." (USSG Manual, November 2016). Aguilar-Gonzalez, who bears the burden of persuasion in a § 2255 proceeding, offers no facts to support applying the minor role adjustment to his sentence. The PSR supported the sentence, which this court imposed and the Fifth Circuit upheld. This claim is without substantive merit and will be denied.

### Aguilar-Gonzalez Is Not Entitled to Resentencing: An Expunction Obtained *After* Conviction and Sentencing Does Not Nullify an Enhanced Sentence

Mr. Aguilar-Gonzalez argues that he is entitled to resentencing because two underlying conviction used to calculate his criminal history have either been dismissed (Docket No. SCD204836 in San Diego County Superior Court) or reduced to a misdemeanor (Docket No. SCS175114 in San Diego County Superior Court). He produced some documentation to support his argument. The PSR calculated three criminal history points each for these cases – a total of six points. If neither of these

two convictions were counted in the guidelines calculation, then the Movant's criminal history points could have been as low as 6, rather than 12.

If Mr. Aguilar-Gonzalez's convictions had been expunged or reduced to misdemeanors *before* sentencing on June 27, 2014, they may not have been counted under the sentencing guidelines. However, expunctions obtained *after* sentencing have no effect on the sentence imposed, even if the prior convictions were used to enhance that sentence. *United States v. Cerverizzo*, 74 F.3d 629, 631 (5th Cir. (Miss.), 1996). In *Cerverizzo*, the Fifth Circuit Court of Appeals held that the defendant failed to follow the procedure required by Arizona state law for receiving an expungement prior to sentencing; the conviction had not been expunged, and it could be used in calculating his criminal history category for purposes of his present sentencing. *Id*.

In *McCullum v. United States* this court addressed the effect on § 2255 relief of an expunction obtained after sentencing:

> Because the Municipal Court order expunging McCullum's misdemeanor convictions was entered upon McCullum's petition after McCullum was sentenced in this case, the convictions were properly counted in determining McCullum's criminal history. *United States v. Cerverizzo,* 74 F.3d 629, 631 (5th Cir.1996) (holding that a defendant's prior state conviction could be considered in calculating his criminal history despite the fact that it was expungeable under state law where defendant did not take affirmative action to effect expunction prior to sentencing). Here, McCullum's misdemeanor convictions were not expunged by operation of law, but rather, McCullum was required to take affirmative steps to expunge the convictions. The convictions were not expunged at the time of McCullum's federal sentencing. Therefore, at the time of his sentencing, McCullum's convictions were properly counted as "convictions" for Guidelines purposes.

*McCullum v. United States*, No. 4:07CR190-SA, 2014 WL 3749150, at *2 (N.D. Miss. July 29, 2014). As the present case is legally indistinguishable from *Cerverizzo* and *McCullum, supra*, this ground for relief in Mr. Aguilar-Gonzalez's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 will be denied.

- 9 -

**Conclusion**

In sum, none of the Movant's grounds for relief has merit, and the instant motion to vacate, set aside, or correct sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 20th day of May, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE